UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Carlos Ruiz,

                Petitioner,

v.

Melissa Andrewjeski,

                Respondent.

Case No. 3:23-cv-5312-JCC-TLF

ORDER DENYING MOTION TO APPOINT COUNSEL

This matter comes before the Court on petitioner's motion to appoint counsel. Dkt. 11. For the reasons discussed below, the Court DENIES petitioner's motion.

Petitioner requests the appointment of counsel, contending that he lacks legal skill. Dkt. 11.

There is no constitutional right to appointment of counsel in habeas petitions because they are civil, not criminal, in nature. *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990). Appointment of counsel is mandatory only if the district court determines that an evidentiary hearing is required. *See Id.*, 852 F.2d at 429; *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir.1992); Rules Governing Section 2254 Cases, Rule 8(c). If no evidentiary hearing is necessary, the appointment of counsel remains discretionary. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986).

The Court may request an attorney to represent indigent civil litigants under 28 U.S.C. § 1915(e)(1) but should do so only under "exceptional circumstances." *Agyeman*

ORDER DENYING MOTION TO APPOINT COUNSEL - 1

*v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331. These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id*.

This matter does not present exceptional circumstances supporting the appointment of counsel. The issues here are not unusually complex, and petitioner has effectively articulated his grounds for relief in the petition. Petitioner's indigency and lack of legal expertise are challenges faced by any *pro se* petitioner and do not present exceptional circumstances. Finally, the Court has not determined that an evidentiary hearing is required.

The Court finds that petitioner has not shown that appointment of counsel is appropriate at this time. Accordingly, the petitioner's motion for the appointment of counsel is denied without prejudice.

Dated this 31st day of May, 2023.

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING MOTION TO APPOINT COUNSEL - 2