UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARLOS RUIZ,<br><br>               Petitioner,<br>    v.<br>MELISSA ANDREWJESKI,<br><br>               Respondent. | Case No. 3:23-cv-5312-JCC-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for <u>December 29, 2023</u> |

This matter comes before the Court on Carlos Ruiz's ("Mr. Ruiz") federal habeas corpus petition under 28 U.S.C. § 2254. Dkt. 21, Amended Petition for Writ of Habeas Corpus. Mr. Ruiz presents six grounds for relief challenging his 2009 judgment and sentence and the Indeterminate Sentence Review Board ("ISRB") decision to revoke his conditional release: (1) Invalid contract that bind me to ISRB; (2) ISRB lacks constitutional jurisdiction/ judicial power; (3) ISRB is an unconstitutional act; (4) Manifest injustice; (5) Improperly imposed exceptional sentence; and (6) [RCW] 9A.44.020(1) is unconstitutional. Dkt. 21. For the reasons set forth below, the undersigned recommends that the petition be DISMISSED. Also for the reasons set forth below, the undersigned recommends that issuance of the certificate of appealability ("COA") be DENIED as well.

REPORT AND RECOMMENDATION - 1

# DISCUSSION

## I. State Court Procedural History

On June 12, 2009, Pierce County Superior Court entered judgment and sentence of one charge of rape of a child in the first degree and one charge of child molestation in the first-degree following a guilty plea. Dkt. 23, State Court Record, Ex. 16 at 33. Mr. Ruiz was sentenced to 12 months community custody under the Special Sex Offender Sentencing Alternative ("SSOSA") statute, RCW 9.94.670 in Pierce County Superior Court. *Id*. at 25.

In 2010, the Pierce County Superior Court revoked Mr. Ruiz's sentence because he violated the conditions of his SSOSA. *Id*. at 42-43. Pursuant to RCW 94A.670 and 9.94.505 the Court imposed the previously suspended indeterminate sentence of 131 months to life on the first-degree rape of a child conviction and 89 months to life on the child molestation conviction with a lifetime term of community custody. *Id*.

In 2019, the ISRB found Mr. Ruiz should be conditionally released pursuant to RCW 9.95.420. *Id*. at 71.

On January 15, 2021 the ISRB found Mr. Ruiz guilty of violating his conditions and he was reinstated to community custody and required to participate in inpatient substance abuse treatment. *Id*. at 48-51.

On December 1, 2021 Mr. Ruiz was again arrested for violating his community custody conditions. *Id*. at 124-26. The ISRB held an administrative hearing where it found him guilty of violating his conditions and the ISRB sanctioned him by revoking his release to community custody. *Id*. at 178-182. On August 2, 2022, the ISRB denied Mr. Ruiz's administrative appeal of the revocation decision. *Id*. at 184.

II. <u>Federal Habeas Petition</u>

Mr. Ruiz did not file a direct appeal of his 2009 convictions. On August 16, 2011, he filed a personal restraint petition ("PRP") in the Washington State Court of Appeals challenging his pleas. Dkt. 23, State Court Record, State's Ex. 1, Court of Appeals Cause No. 424037-II. The court of appeals dismissed the petition as time-barred. Dkt. 23, Ex. 2. Mr. Ruiz did not seek review in the Washington State Supreme Court. A certificate of finality was issued on November 29, 2011. Dkt. 23, Ex. 3.

On July 5, 2018, Mr. Ruiz filed a Washington Criminal Rule 7.8 motion in Pierce County Superior Court – challenging the court-ordered release conditions of his judgment and sentence. Dkt. 23, Ex. 4, Court of Appeals Cause No. 521733-II. The motion was transferred to the court of appeals for consideration as a PRP. *Id*. at 66. The State responded to the petition. Dkt. 23, Ex. 5. The court of appeals dismissed the petition as time-barred. Dkt. 23, Ex. 6. Mr. Ruiz did not seek review in the Washington State Supreme Court. A certificate of finality was issued on February 14, 2019. Dkt. 23, Ex. 7.

On October 31, 2022, Mr. Ruiz filed a PRP in the Washington State Court of Appeals challenging his judgment and sentence and the ISRB's decision to revoke his conditional release. Dkt. 23, Ex. 8, Court of Appeals Cause No. 575051-II. Mr. Ruiz filed a supplemental pleading in support of his petition. Dkt. 23, Ex. 9. The court of appeals dismissed the petition as mixed. Mr. Ruiz filed a motion for discretionary review in the Washington State Supreme Court. Dkt. 23, Ex. 11. A Washington State Supreme Court Commissioner denied the motion. Dkt. 23, Ex. 13. A certificate of finality issued on April 27, 2023. Dkt. 23, Ex. 14.

### III. Exhaustion of State Court Remedies

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion thus may not be implied or inferred. A petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985).

A state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate, because "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To properly exhaust their federal claims, a would-be habeas petitioner must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.* at 845.

A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte* authority to examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue").

REPORT AND RECOMMENDATION - 4

Here, respondent argues that petitioner has not properly exhausted his fourth ground (manifest injustice) because the claims have not been properly presented to the Washington State Supreme Court. Dkt. 22 at 14. Respondent does not address the exhaustion of petitioner's other five claims, arguing that it is unnecessary for the Court to determine whether the claims were exhausted because they are time barred under 28 U.S.C. § 2224(d).

Petitioner's fourth ground challenges various aspects of the most recent revocation of his community custody agreement. Dkt. 21-1 at 7-13. Specifically, Mr. Ruiz challenges the polygraph test that he was administered, the urinalysis test conducted on November 23, 2022, inadequate communication between CCO, ISRB, and petitioner's contract attorney, various aspects of the hearing itself, ineffective assistance of counsel, and the conditions surrounding petitioner's "taking responsibility." *Id*. Petitioner alleges that "there is sufficient evidence in it's totality that there was a manifest injustice in my restraint." *Id*. at 13. This claim is identical to petitioner's Personal Restraint Petition, Court of Appeals Cause No. 580217-II, which was dismissed by the court of appeals on August 2, 2023 as frivolous. Dkt. 23, State Court Record, Ex. 18 at 18-19.

Petitioner also previously raised a "manifest injustice" claim in his Personal Restraint Petition No. 575051-II, which was dismissed by the court of appeals on March 6, 2023 as a mixed petition. Dkt. 23, Ex. 11. The Washington Supreme Court declined review on March 23, 2023. Dkt. 23, Ex. 13.

Petitioner does not allege that he has exhausted his fourth ground. In his amended petition, petitioner states that his Personal Restraint Petition Court of Appeals

REPORT AND RECOMMENDATION - 5

Cause No. 580217-II is still pending. Dkt. 21 at 14. In his reply to respondent's response, he does not address respondent's contention ground four is unexhausted but rather states that because "the State of Washington acted in excess or without competent jurisdiction" the issue of exhaustion is frivolous. Dkt. 24 at 3. Accordingly, petitioner has failed to exhaust his fourth ground.[1]

District courts may use a "stay-and-abeyance" procedure while a petitioner exhausts his claims in state court. *Rhines v. Weber*, 544 U.S. 269, 275-77 (2005); *Calderon v. United States District Court (Taylor)*, 134 F.3d 981, 988 (9th Cir.1998). A stay is appropriately granted where: (1) the petitioner has good cause for his failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 278.

Respondent argues that petitioner does not show good cause for his failure to exhaust his fourth ground in the state court. Dkt. 22 at 17. The Court agrees. Petitioner's statement that the issue of exhaustion is frivolous does not amount to a reasonable excuse. *See Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014) ("While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a failure to exhaust, will"). Petitioner also states that his petition raises certain constitutional claims that may be addressed only on collateral review, however, he does not explain why this precludes him from pursuing his claims in the Washington state supreme court. Additionally, this argument fails, because 28

---

[1] Based on the Court's review of the state court docket it appears petitioner filed a PRP in the court of appeals and has not submitted the claim to the Washington Supreme Court. Petitioner acknowledges the claim is still "pending" and thus, even if it is pending in the Washington Supreme Court, it appears his claim is unexhausted.

REPORT AND RECOMMENDATION - 6

U.S.C. § 2254(b)(1) recognizes the jurisdiction of state courts to adjudicate constitutional issues. Therefore, the Court concludes that a stay is not appropriate — petitioner's fourth ground should be dismissed without prejudice.

IV. <u>Time Bar under 28 U.S.C. 2244(d)</u>

Respondent argues that Mr. Ruiz's first, second, third, fifth, and sixth grounds for relief are time barred as they are challenges to his underlying 2010 judgment and sentence. Dkt. 22 at 11-12.

There is a one-year time limit to file a Section 2254 federal habeas corpus petition, under 28 U.S.C. § 2244(d)(1)(A): "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

If a petitioner fails to petition the state's highest court for review, the conviction becomes final when the time for seeking such review elapses. *See Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001). In Washington, notice of appeal must be filed in the trial court 30 days after the entry of the decision of the trial court. Wash. RAP 5.2(a). Thus, if a petitioner does not file a direct appeal, the state court judgment becomes final at the end of the thirty-day period. *See id*; 28 U.S.C. § 2244(d)(1)(A).

The federal limitation period may run from a later date under the following circumstances: first, it may run from the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed – if the applicant was prevented from filing by such State action. 28 U.S.C. § 2244(d)(1)(B); second, it may run from the date the United States Supreme Court recognizes a new constitutional right that the Supreme Court makes retroactive to

REPORT AND RECOMMENDATION - 7

cases on collateral review. 28 U.S.C. § 2244(d)(1)(C); third, it may run from the date the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Additionally, "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review usually concludes and the judgment becomes final either – upon the expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

Petitioner's first ground challenges the validity of his underlying guilty plea, characterizing it as a "contract" that binds him to the ISRB and asks the Court to dissolve the contract. Dkt. 21 at 18-23. Petitioner's second ground challenges the ISRB's authority as unconstitutional. *Id*. at 34-42. Petitioner's third ground relatedly challenges the lawfulness of his incarceration based on the ISRB's use of its authority. *Id*. at 43-51. Petitioner's fifth ground again challenges his underlying sentence as excessive, alleging that the State of Washington illegally imposed a maximum term of life without due process. *Id*. at 69-80. Petitioner's sixth ground challenges the constitutionality of RCW 9A.44.020(1). *Id*. at 81-83.

In this case, petitioner's judgment and sentence became final on June 12, 2009, when it was entered by the Pierce County Superior Court. Dkt. 23, Ex. 2. Mr. Ruiz did not file a direct appeal. Thus, the judgment and sentence for these convictions became

final on June 12, 2009 and the one-year statute of limitations for filing a federal habeas petition to challenge his convictions started to run on that date.

Mr. Ruiz filed his personal restraint petition on August 16, 2011. Dkt. 23, Ex. 1. While bringing a PRP would normally toll the federal statute of limitations while the petition remains pending, in this case, Mr. Ruiz filed the PRP *after* the federal statute of limitations had already expired. *Brown v. Curry*, 451 Fed. App'x. 693 (9th Cir. 2011) (finding the petitioner's state habeas petitions, which were filed after the expiration of the statute of limitations and denied as untimely, did not toll the statute). Thus, the federal statute of limitations was not tolled. Accordingly, petitioner's first, second, third, fifth, and sixth grounds are untimely and should be dismissed.

V.  Equitable Tolling

The AEDPA limitations period is also subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005).

Mr. Ruiz has not made a showing of "extraordinary circumstances" here. He argues that the State acted without competent jurisdiction. As discussed above, the statute of limitations on Mr. Ruiz's convictions expired well before he filed his federal habeas petition. Mr. Ruiz does not otherwise explain any external circumstances that prevented him from filing a timely petition or that he was pursuing his rights diligently.

Therefore, Mr. Ruiz fails to show that he is entitled to equitable tolling, and the remaining claims in his petition are barred by the AEDPA limitations period.

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170 (2011). A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see Pinholster*, 563 U.S. 170. The Court finds it is not necessary to hold an evidentiary hearing in this case because Mr. Ruiz's claim may be resolved on the existing state court record.

## CERTIFICATE OF APPEALABILITY

If the Court adopts the undersigned's Report and Recommendation, it must determine whether a COA should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)-(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are

REPORT AND RECOMMENDATION - 10

adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The undersigned recommends that Mr. Ruiz not be issued a COA. No jurist of reason could disagree with the above evaluation of his constitutional claims or conclude that the issues presented deserve encouragement to proceed further. Mr. Ruiz should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of *habeas corpus* with prejudice. A proposed order and proposed judgment are attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on December 29, 2023, as noted in the caption.

1 | Dated this 28th day of November, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12